**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-1371**

---

YAN CHAO ZHENG,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (A77-121-421)

---

Submitted: February 13, 2004          Decided: February 26, 2004

---

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Theodore N. Cox, New York, New York, for Petitioner. Peter D. Keisler, Assistant Attorney General, Donald E. Keener, Deputy Director, John Andre, Senior Litigation Counsel, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Yan Chao Zheng, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture.

On appeal, Zheng raises challenges to the immigration judge's determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Zheng fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that Zheng seeks.

Additionally, we uphold the immigration judge's denial of Zheng's applications for withholding of removal and protection under the Convention Against Torture. To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987). To obtain relief under the Convention Against Torture, an applicant must establish that "it is more likely than not that he or she

would be tortured if removed to the proposed country of removal."
8 C.F.R. § 1208.16(c)(2) (2003). Based on our review of the
record, we find that Zheng has failed to meet either one of these
standards.

Accordingly, we deny the petition for review. We
dispense with oral argument because the facts and legal contentions
are adequately presented in the materials before the court and
argument would not aid the decisional process.

PETITION DENIED